UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-31422
Summary Calendar

_____


MELVIN PURVIS; SUE PURVIS,

Plaintiffs-Appellants,

versus

HELENA CHEMICAL CO.; ET AL.

Defendant,

STONEVILLE PEDIGREED SEED CO.,

Defendant-Appellee.

* * * * * * * *

MARK DAVIS, doing business as Davis Farms Partnership;
TIM DAVIS, doing business as Davis Farms Partnership

Plaintiffs-Appellants,

v.

STONEVILLE PEDIGREED SEED CO.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Louisiana
Lower Court No. 99-CV-220

_____
July 18, 2001


Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

The Plaintiffs-Appellants in these consolidated diversity cases claim that the cotton seed they were sold by Stoneville Pedigreed Seed Co. ("Stoneville") contained a serious defect, specifically its susceptibility to a little-understood natural condition known as "bronze wilt." Appellants contend that as the manufacturer of these seeds, Stoneville is liable for any "redhibitory defects" in its products. See La. Civ. Code Art. 2520 et seq. Appellants sought recovery from Stoneville for the damages their cotton crops sustained due to bronze wilt.

Having reviewed the briefs, district court opinion and pertinent portions of the record, we find no errors of fact or law warranting reversal. We therefore affirm Chief Judge Little's carefully reasoned opinion. We agree with Judge Little that although Stoneville was the seed's manufacturer, the natural susceptibility of cotton seed to an organic condition of uncertain origin is not a defect within the meaning of Louisiana law. Thus, with no defects present in the manufactured product, Stoneville is not liable under the theory of redhibition.

Alternatively, even if the seeds did contain defects, Stoneville has effectively disclaimed all warranties. This court

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

has held that a manufacturer may limit the implied warranty against redhibitory defects, so long as the limited-warranty sales were to "commercially sophisticated parties." See Datamatic v. Int'l Bus. Mach. Corp., 795 F.2d 458 (5th Cir. 1986). Because a commercial farmer is a sophisticated buyer of seeds, Stoneville's disclaimer of warranties is valid.

For the forgoing reasons, the opinion of the district court is AFFIRMED.

**AFFIRMED.**